NUMBER 13-01-433-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI



 

 

JAMES
A. KOEPKE,                                                              Appellant,

 

                                                   v.

 

ANDRES MARTINEZ, 

NORA MARIBEL MARTINEZ,


AND MARIA G. MARTINEZ,


INDIVIDUALLY AND AS
NEXT 

FRIEND OF ANDRES 

MARTINEZ, JR. AND 

CLAUDIA MARTINEZ,                                                           Appellees.



 

 

                        On appeal from the 275th District Court

                                  of Hidalgo
County, Texas.

 



 

                         DISSENTING OPINION ON 

                  MOTION FOR REHEARING EN BANC

 








                                  Before the
Court En Banc

                          Dissenting Opinion by
Justice Dorsey

 

I believe the panel seriously erred in holding there was no
duty owed by the defendant/appellant Koepke to the plaintiffs below in the
circumstances of this case. This court should grant rehearing en banc.

 Koepke sold a chinese
fighting dog, a Shar-pei, to Teresa Canales. 
Canales was unable to pick the dog up from Koepke personally, so her
employee Maria Martinez, a plaintiff here, paid Koepke, got the dog and took it
to Martinez=s house for a
day or so.  The next day the dog attacked
her husband, Andres Martinez, while he was trying to feed it.  Andres testified the dog knocked him to the
ground, bit him in the chest and hand and tried to bite his throat.  There was evidence the animal had been
involved in attacks before, and Koepke did not warn Canales or Martinez of its
aggressive tendencies.  The jury found
Koepke sixty percent negligent and Andres forty percent negligent.  The panel reverses the cause and renders a take
nothing against the plaintiffs holding that there was no duty owed by Koepke to
the plaintiffs, because Koepke, at the time of the attack, was neither the
owner nor handler of the dog, nor did the attack occur on Koepke=s  property. 
I believe this is too narrow a reading of the principles of tort law.








The determination of duty is always a threshold issue, and it
is determined by the facts of the case as a matter of law.  Greater Houston Transportation Co. V.
Phillips, 801 S.W.2d 523, 525 (Tex. 1990). 
The basic duty in negligence actions is for one to act as a reasonably
prudent person would under the circumstances. 
The jury in this case was charged with that instruction (A>Negligence= means failure
to use ordinary care; that is, failing to do that which a person of ordinary
prudence would have done under the same or similar circumstances or doing that
which a person of ordinary prudence would not have done under the same or
similar circumstances.@)   Armed with that definition, the jury found
both Koepke and Martinez negligent, although Koepke=s negligence
was sufficient to impose liability.

In the Phillips case, the Supreme Court discussed the
situations in which the court has imposed a duty on persons to protect third
parties, saying AThese cases
involve a straightforward application of the Palsgraf rule;=[t]he risk
reasonably to be perceived defines the duty to be obeyed. . . .= citing Palsgraf[1].  AThe rule
defines the parameters of the concept of duty found in modern tort law.  See Kilgarlin & Serba Boatwright, recent Evolution
of Duty in Texas, 28 S.Tex.L.Rev. 241, 249 (1986).  Thus, before liability will be imposed,
there must be sufficient evidence indicating that the defendant knew or should
have known that harm would eventually befall a victim.  Absent such a showing, a defendant is
absolved of liability.@ Phillips, 526.
emphasis added.








This is not a case in which harm eventually befell a
victim.  Rather, the victim was attacked
the day after Martinez took possession of the dog from Koepke for Canales.  It is undisputed that the seller did not tell
Martinez or Canales that the breed of dog was known as chinese attack dogs, or
its propensity for aggressive behavior. 
Although Koepke denied knowing of any prior incident of such aggression,
veterinary records tended to show the dog had been wounded before, although
that had not been disclosed by Koepke.

The court  errs when it
states as a matter of law, ABecause Koepke
was neither the owner, nor the handler, of Jackie Chan at the time of the
incident, he owed no duty to appellees.@  Koepke had owned the dog and had just
recently sold him.  Surely there is a
duty to disclose dangerous propensities of an animal to one who takes custody
of him who has no reason to believe the dog will attack.

Rehearing en banc should be granted and the jury verdict and
judgment should be affirmed.

 

______________________________

J.
BONNER DORSEY,

Justice

 

Joined by Justices
Hinojosa and Yañez.

 

Publish.

Tex.
R. App. P. 47.3(b).

 

Dissenting Opinion
delivered and filed

this 19th day of
December, 2002.                











[1]
Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99, 100 (1928).